**EL PASO INDEPENDENT SCHOOL DISTRICT, Plaintiff,**

v.

**RICHARD R., as next friend of R.R., et al., Defendants.**

**R.R., by his next friend of E.R., Plaintiffs,**

v.

**El Paso Independent School District, Defendant.**

Nos. EP–07–CV–0125–KC, EP–07–CV–0126–KC.

United States District Court, W.D. Texas, El Paso Division.

Jan. 29, 2008.

702

Joe Ruben Tanguma, Walsh, Anderson, Brown, Schulze & Aldridge, PC, Irving, TX, for Plaintiffs.

Charles Mark Berry, Attorney at Law, Colbert N. Coldwell, Guevara, Rebe, Bumann, Coldwell & Reedman, El Paso, TX, for Defendants.

### *ORDER*

KATHLEEN CARDONE, District Judge.

On this day, the Court considered El Paso Independent School District's "Desig-

nation of Witnesses and Exhibits and Request to Conduct Discovery"[1] ("Discovery Designation") and Richard R.'s "Opposition to E.P.I.S.D.'s Designation of Witnesses and Exhibits and Request to Conduct Discovery" ("Discovery Response"). Doc. No. 33. Having reviewed these submissions, the Court hereby **SUSTAINS** Richard R.'s objections and **DENIES** the admission of the witnesses and exhibits outlined in the Discovery Designation *in toto*.

## I. BACKGROUND

The instant suits involve claims by the El Paso Independent School District ("EPISD") against Richard R., as next friend of R.R. ("Richard R.") and Richard R.'s attorney, Mark Berry ("Berry"), pursuant to the Individuals with Disabilities in Education Act, 20 U.S.C. §§ 1400–1491 ("IDEA").

The Court draws the following facts from EPISD's Complaint and the Complaint of Richard R. On September 26, 2006, Richard R., through his attorney, Berry, requested a due process hearing from the Texas Education Agency pursuant to 20 U.S.C. § 1415(b)(6). Def. Richard R.'s Mot. to Dismiss 1–2. At the time of the request, R.R. was a 14–year–old student attending EPISD and suffering from AD/HD. Pl. EPISD's Compl. 2. Richard R. requested a hearing because EPISD allegedly violated the IDEA by: (1) failing to timely evaluate R.R. for special education services; (2) failing to provide Richard R. with IDEA procedural safeguards; (3) failing to provide written notice of refusal to provide a special education referral; and (4) violating the "Child Find" provisions of IDEA. Def. Berry's Mot. to Dismiss 9.

On October 11, 2006, during a resolution session, the EPISD offered to: (1) conduct a full individual evaluation within sixty (60) days of the parents' consent to evaluate; (2) convene an Admission, Review, and Dismissal Committee meeting within thirty (30) calendar days from the completion of the evaluation; (3) continue to comply with the applicable federal and state laws regarding the provision of prior written notice to parents; (4) continue to comply with the applicable federal and state laws regarding the provision of procedural safeguards to the parents; and (5) pay attorney's fees in the amount of $3,000.00. Pl. EPISD's Compl. 2–3. Richard R. and Berry refused this offer, seeking instead to have the case decided by a Special Education Hearing Officer ("SEHO"). *Id.* On January 19, 2007, a SEHO for the State of Texas returned a decision in favor of Richard R. on three of the four allegations. *Id.* at 4. The SEHO found that: (1) EPISD failed in its obligation to conduct a timely evaluation; (2) EPISD should have provided Richard R. with a copy of the procedural safeguards as required by federal regulation; (3) EPISD failed to send Richard R. the required written notification of its refusal to provide a special education referral; and (4) EPISD met its Child Find obligation. Def. Berry's Mot. to Dismiss 14.

On April 19, 2007, EPISD filed a complaint appealing the SEHO decision and alleged that it was the prevailing party. Pl. EPISD's Compl. 1. EPISD also alleged that the Court should grant EPISD attorney fees pursuant to 20 U.S.C. §§ 1415(i)(3)(B)(i)(II) and (III) because Richard R. and Berry's suit was frivolous and brought for an improper purpose. *Id.* Conversely, on April 19, 2007, Richard R. filed a complaint alleging that he was the

---

1. Doc. No. 32.

prevailing party and entitled to attorney's fees. Pl. Richard R.'s Compl. 4.

On May 30, 2007, this Court consolidated both actions. Doc. No. 12. On July 24, 2007, this Court granted Richard R. and Berry's Motions to Dismiss as they related to EPISD's claim of attorney fees against them. Doc. No. 22. In so doing, the Court dismissed all claims against Berry as a Defendant. *Id.;* Pl. EPISD's Compl. 7–8. The Court did not, however, grant Richard R. and Berry's Motions to Dismiss as to the right of EPISD to appeal. Court Order, Sept. 24, 2007. As a result, EPISD's appeal of the SEHO's decision remains active. Pl. EPISD's Compl. 1.

As required by this Court's "Standing Order on Pretrial Deadlines" ("Pretrial Order"), Richard R. and EPISD should have conferred within sixty days after the appearance of a defendant.[2] Within ten days of that conference, the parties were also required by the Pretrial Order to submit a joint memorandum entitled "Report of Parties' Planning Meeting" ("Planning Report") to the Court. The parties, however, refused to follow the Court's Order.

As a consequence, the Court entered an Order to Show Cause on September 14, 2007, as to why the parties should not face sanctions. Doc. No. 25. Thereafter, on September 19, 2007, both parties filed timely responses to the Order to Show Cause. Doc. No. 27; Doc. No. 28. In Richard R.'s "Memorandum of Law in Response to Order to Show Cause" ("Richard R. Response"), Richard R. argued that no discovery or pre-trial conference should be conducted,[3] while EPISD argued in its "Response to Order to Show Cause" ("EPISD Response") that extensive discovery should be ordered. EPISD Resp. 2.

Because the parties' responses focused on the submission of additional evidence and the availability of discovery, the Court issued an Order on September 27, 2007, detailing what additional evidence the parties could present. Doc. No. 30. Furthermore, the Court ordered the parties to file a list of any proposed witness or exhibits they sought to enter within thirty (30) days of the issuance of the Order. Court Order, Sept. 27, 2007, at 9.

On October 29, 2007,[4] EPISD filed its Discovery Designation outlining the witnesses and exhibits that it sought to enter. Doc. No. 35. Richard R. followed with his Discovery Response on November 9, 2007. Doc. No. 33. Based upon these pleadings and the Order of September 27, 2007, the Court turns to the admissibility of the witnesses and exhibits proposed by EPISD.

## II. DISCUSSION

### A. Standard

In its previous Order, the Court ruled that each party could submit additional evidence to supplement the record on appeal. Court Order, Sept. 27, 2007, at 6. The Court premised this holding upon its reading of *Town of Burlington v. Department of Education,* where the First Circuit held that the word "additional" in the IDEA[5] generally proscribes the parties from re-submitting evidence they provided

---

2. This meeting carries out the purposes of Federal Rule of Civil Procedure 26(f).

3. Richard R. Resp. 12–16.

4. Because the thirty (30) days allotted for filing expired on Saturday, October 27, 2007, the Court considers the filing of the Designa-

tion on Monday, October 29, 2007, to be timely.

5. In any action brought under the IDEA, the court "shall hear additional evidence at the request of a party." 20 U.S.C. § 1415(i)(C)(ii).

at the evidentiary hearing. *See Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 790 (1st Cir.1984). This Court also adopted the First Circuit's holding that the "additional evidence" provision of the IDEA "does not authorize witnesses at trial to repeat or embellish their prior testimony." *Burlington*, 736 F.2d at 790. Nevertheless, this Court refused to categorically disallow testimony "from all who did, or could have, testified before the administrative hearing." *Id.*

Instead of an unequivocal approach, this Court incorporated the multi-factor approach of the First Circuit, which instructs trial courts to "weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources." *Id.* at 791. As a result, the Court ordered each party wishing to introduce additional evidence in the form of witnesses to file a list of witnesses. Court Order, Sept. 27, 2007, at 8–9. The Court specifically ordered that "[e]ach witness list shall contain a brief narrative summary of the testimony to be elicited from each witness and a designation of whether or not that witness testified at the administrative hearing." *Id.* at 9. Additionally, the Court ordered that "[i]f a witness testified at the hearing, the party must explain how it will rebut the presumption that the witness should not be allowed to testify," and alternatively, if a witness "did not testify at the hearing, the party must state why that witness did not testify at the administrative hearing." *Id.*

Likewise, the Court ordered each party wishing to introduce additional evidence in the form of exhibits to file a list of exhibits. *Id.* Within these lists, each party was or-dered to describe the documents or items in numbered sequence and a designation of whether or not that exhibit was offered at the administrative hearing. *Id.* In those cases where an exhibit was offered at the hearing, the party submitting the evidence for review was called on to explain why the exhibit was not already in the administrative record. *Id.* Conversely, if an exhibit was not offered at the hearing, the party submitting the exhibit was ordered to state why it was not offered. *Id.*

### B. The Parties' Submissions

Although both parties were permitted to submit proposals for additional evidence to the Court, only EPISD chose to do so. Doc. No. 32. Because of his fundamental disagreement with the submission of additional evidence and discovery, Richard R. chose to forgo this procedure in favor of filing his Discovery Response. Doc. No. 33. Thus, this Order need only address the witnesses and exhibits proposed by EPISD.

The Discovery Designation entered by EPISD petitions the Court to admit a litany of both witnesses and exhibits. Specifically, the Discovery Designation seeks review and approval of fourteen (14) witnesses and twenty-six (26) exhibits. Discovery Designation 4–15. As to the proposed witnesses, they can logically be separated into three distinct groups. These groups include (1) parties to the instant suits; (2) school officials and consultants; and (3) attorneys outside the litigation. *See id.* at 6–13. The proposed exhibits, although they do not lend themselves to such simple classification, include twenty-six (26) items "not offered as part of the administrative record." *Id.* at 15. Based upon these submissions, EPISD requests that the Court enter an Order permitting discovery, depositions, and the introduction of additional evidence, including

not only the evidence proposed in the Discovery Designation, but "additional witnesses and exhibits as may become necessary through the factual development of this proceeding." *Id.* at 16.

### 1. Parties to the instant suits

The Court cannot grant EPISD's request to solicit testimony from the parties to the instant suits. For its part, EPISD would have this Court compel Mr. R., Mrs. R., and their attorney, Mr. Mark Berry, to offer deposition testimony to bolster EPISD's defenses to Richard R.'s claim for attorney fees. *Id.* at 4, 6. Nevertheless, in each of these cases, the rationale proffered by EPISD fails to meet the criteria announced in the Court's Order of September 27, 2007.

#### a. Mr. and Mrs. R.

The first witnesses identified by EPISD for further testimony are Mr. and Mrs. R. *Id.* at 4. To meet the Court's test for entering these additional witnesses, EPISD must (1) provide a summary of the testimony to be elicited from the witnesses; (2) designate whether the witnesses testified at the administrative hearing; and either (3) rebut the negative presumption against witnesses that have already testified, or (4) explain why witnesses who would be testifying for the first time did not testify at the administrative hearing. Court Order, Sept. 27, 2007, at 9. As to the first two requirements, EPISD avows that both Mr. and Mrs. R. did testify at the administrative hearing, but that EPISD seeks to question them regarding issues that are "relevant to EPISD's defenses to [Richard R.'s] claim for attorneys' fees." Discovery Designation 4. To rebut the presumption against allowing the witnesses to testify again, EPISD posits that because "the [SEHO] did not have jurisdiction to

entertain" a request for attorney fees, the testimony that EPISD seeks to evoke from Mr. and Mrs. R. "is not part of the administrative record, but [ ] is certainly relevant and necessary for EPISD to adduce in this federal action." *Id.* at 5. EPISD follows by stating its desire to educe testimony concerning the following: (1) whether Mr. and Mrs. R. resisted and blocked the relief provided by EPISD; (2) whether Mr. and Mrs. R. were "substantially justified in rejecting the written settlement offer provided to them pursuant to 20 U.S.C. § 1415(i)(3)(F);" and (3) whether denial of attorney fees is appropriate since, according to EPISD, during the course of both this proceeding and the underlying proceeding Mr. and Mrs. R. unreasonably protracted resolution of the case. *Id.*

■ The reasoning proffered by EPISD falls woefully short of overcoming the presumption against allowing Mr. and Mrs. R. to re-enter testimony in this proceeding. Indeed, not one of the elements identified by EPISD for further testimony has any relevance to the appeal of the SEHO's administrative decision. Rather, EPISD's reasoning reflects nothing beyond its desire to reduce or deny the attorney fees available to Richard R.'s attorney.

The Local Rules of the Western District of Texas incorporate a precise approach to determining awards of attorney fees. Local Rule CV–7(i) states, in its entirety:

(i) Claims for Attorney's Fees.

(1) All motions for an award of attorney's fees shall be filed and served no later than fourteen (14) days after entry of judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. Counsel for the parties shall meet and confer for the purpose of resolving all disputed issues relating to attorney's fees prior to making application. The application shall certify that such a con-

ference has occurred. If no agreement is reached, the applicant shall certify the specific reason(s) why the matter could not be resolved by agreement. The motion shall include a supporting document organized chronologically by activity or project, listing attorney name, date, and hours expended on the particular activity or project, as well as an affidavit certifying (1) that the hours expended were actually expended on the topics stated, and (2) that the hours expended and rate claimed were reasonable. Such application shall also be accompanied by a brief memo setting forth the method by which the amount of fees was computed, with sufficient citation of authority to permit the reviewing court the opportunity to determine whether such computation is correct. The request shall include reference to the statutory authorization or other authority for the request. Detailed time sheets for each attorney for whom fees are claimed may be required to be submitted upon further order of the Court.

(2) Objections to any motion for attorney's fees shall be filed on or before eleven (11) days after the date of filing. If there is no timely objection, the Court may grant the motion as unopposed.

(3) The motion shall be resolved without further hearing, unless an evidentiary hearing is requested, reasons therefor presented, and good cause shown, whereupon hearing on the motion may be granted.

(4) Motions for award of attorney's fees filed beyond the fourteen (14) day period may be deemed untimely and a waiver of entitlement to fees.

W.D. Tex. Loc. R. CV–7(i).

The court recognizes that EPISD may attempt to prohibit an award of attorney fees altogether under 20 U.S.C. § 1415(i)(3)(D),[6] or, in the alternative, to seek a reduction in attorney fees pursuant to 20 U.S.C. § 1415(i)(3)(F),[7] but EPISD has provided no support for the contention that it may circumvent the Local Rules of the Western District of Texas by doing so

---

6. 20 U.S.C. § 1415(i)(3)(D) states in pertinent part:

> Attorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if-
> (I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;
> (II) the offer is not accepted within 10 days; and
> (III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.
> 20 U.S.C. § 1415(i)(3)(D) (2006).

7. 20 U.S.C. § 1415(i)(3)(F) states:

> Except as provided in subparagraph (G), whenever the court finds that-
> (i) the parent, or the parent's attorney, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy;
> (ii) the amount of the attorneys' fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience; .
> (iii) the time spent and legal services furnished were excessive considering the nature of the action or proceeding; or
> (iv) the attorney representing the parent did not provide to the local educational agency the appropriate information in the notice of the complaint described in subsection (b)(7)(A) of this section, the court shall reduce, accordingly, the amount of the attorneys' fees awarded under this section.
> *Id.* at § 1415(i)(3)(F).

at this juncture. Therefore, should EP-ISD seek to reduce or eliminate the attorney fees available to Berry, it should do so after an entry of final judgment by this Court. *See* W.D. TEX. LOC. R. CV–7(i)(1).

The only evidence that EPISD proposes to collect from Mr. and Mrs. R. relates to its defenses to Richard R. and Berry's claim for attorney fees. Because this evidence holds no bearing upon the original record and because the entry of such evidence at this time would violate the Local Rules of the Western District of Texas, the Court must deny the admission of additional testimony from Mr. and Mrs. R.

### b. Mr. Mark Berry

Alongside Richard R.'s parents, EPISD also seeks to promote its case by summoning testimony from Richard R.'s attorney, Mr. Mark Berry. As EPISD has stipulated that Berry did not testify at the administrative hearing, for the Court to admit the depositions and testimony that EPISD seeks from him, EPISD must present the court with a summary of the testimony to be elicited and an explanation as to why Berry did not testify at the administrative hearing. Court Order, Sept. 27, 2007, at 9. As to the summary of the testimony EPISD seeks from Berry, the reasons outlined by EPISD repeat the summary given for Mr. and Mrs. R. *verbatim*.[8] Stated briefly, EPISD seeks testimony to support a reduction or elimination of attorney fees for Berry. Discovery

Designation 6–7. Although EPISD does not articulate why Berry failed to testify at the original hearing, the Court assumes, in the absence of contravening evidence, that this would not have comported with his role as legal counsel to the family of R.R.

■ For the same reasons that the Court cannot allow additional testimony from Mr. and Mrs. R. concerning EPISD's defenses to Richard R.'s claim of attorney fees, the Court cannot allow EPISD to solicit testimony from Berry on the same subject. Moreover, EPISD has given this Court no reason to believe that the testimony it seeks from Berry would not breach his duty of zealous advocacy[9] to his client or the attorney-client privilege.[10] Thus, whatever objections EPISD may have to Berry's request for attorney fees, these objections must proceed according to the chronological framework specified by the Local Rules of the Western District of Texas. *See* W.D. TEX. LOC. R. CV–7(i)(2). Namely, these objections should be filed within eleven (11) days of a Motion by Richard R. and Berry for attorney fees. *Id.* Even at that time, however, the Court cannot envision a scenario whereby the Federal Rules of Evidence[11] or the Texas Disciplinary Rules of Professional Conduct would allow Berry to provide the testimony EPISD seeks. Because the testimony EPISD seeks from Berry is both untimely and almost certainly barred, the Court hereby denies the admission of Berry's

---

**8.** Discovery Designation 6–7. Beginning with page six of its Discovery Designation, EPISD injects an unmatched level of desuetude into its pleadings by recycling a number of boilerplate explanations. By this Order, EPISD is hereby put on notice that such a lackadaisical approach to drafting pleadings is inadvisable when practicing before this Court.

**9.** TEX. DISCIPLINARY RULES OF PROF'L CONDUCT Preamble, 3 (stating that "[i]n all professional functions, a lawyer should zealously pursue

clients' interests within the bounds of the law").

**10.** *See* FED.R.EVID. 501.

**11.** Because this case comes before the Court under federal question jurisdiction under the IDEA, the Court would apply the federal common-law rule of attorney-client privilege rather than the associated Texas state privilege.

testimony as outlined in EPISD's Discovery Designation.

## 2. School officials and consultants

 The Court must deny EPISD's request to elicit testimony from the school officials and consultants identified in its Discovery Designation. *See* Discovery Designation 7–12. Although EPISD details seven separate individuals from whom it wishes to evoke testimony, each and every one fails for the same reasons. Namely, EPISD seeks testimony from each of these witnesses to reduce or eliminate the attorney fees available to Richard R. and Berry. As mentioned above, objections to a request for attorney fees should be submitted at the time specified by the Local Rules of the Western District of Texas. *See* W.D. TEX. LOC. R. CV–7(i)(2). Because the school officials and consultants outlined by EPISD offer nothing to supplement the administrative record, but rather, have been identified to offer untimely evidence concerning attorney fees, the Court denies the admission of additional evidence obtained from these witnesses.

## 3. Attorneys outside the litigation

 The final and least supportable group of witnesses submitted by EPISD consists of four attorneys from across the State of Texas. *See* Discovery Designation 12–13. As the rationale for proposing these witnesses, EPISD states its intention to elicit testimony from each of these attorneys "regarding [Richard R.'s] claims for attorneys' fees in both the underlying administrative matter and this litigation." *Id.* Nonetheless, EPISD does not clarify how any of these witnesses could possibly supplement the administrative record in a way that would aid this Court in reviewing the SEHO's decision, which remains the underlying reason for the proposal of additional evidence.[12] Indeed, the Court cannot imagine a scenario where these witnesses could speak to anything beyond the issue of attorney fees. The Court has no doubt that each of these attorneys is qualified and capable, but the inescapable fact remains that the Western District of Texas has announced a time for objecting to attorney fees. *See* W.D. TEX. LOC. R. CV–7(i)(2). Until the appropriate time arrives to present evidence contradicting Richard R. and Berry's claim for attorney fees, the Court must deny the admission of testimony from these attorneys.

## 4. Exhibits

EPISD has supplied this Court with a list twenty-six (26) exhibits that it would like to introduce to supplement the record on appeal. Discovery Designation 14–15. Under the Court's previous Order, any party wishing to admit additional exhibits must: (1) describe the documents or items in numbered sequence; (2) designate whether or not each exhibit was offered at the administrative hearing; and (3) either explain why the exhibit is not already in the administrative record, or if the exhibit was not previously offered, the party must state why it was not presented.[13] As to the twenty-six (26) exhibits currently submitted for consideration, EPISD declares that none were offered as part of the administrative record. Discovery Designation 15. Because the exhibits were not offered for scrutiny at the administrative hearing, EPISD was therefore obligated to supply the Court with the reasons why

---

12. Court Order, Sept. 27, 2007, at 8 (holding that "**the Court will allow the parties to supplement the record in accordance with 20 U.S.C. § 1415(i)(C)(ii) and the framework of this Order**").

13. *Id.* at 9.

they were not offered. *See id.* To that end, EPISD posits that the exhibits were not previously offered because "they relate to EPISD's defenses to [Richard R.'s] claims for attorneys' fees, which were not entertained by the [SEHO]." *Id.*

Unfortunately for EPISD, the rationale it presents for entering the exhibits is the same that the Court now adopts for rejecting their admission. Indeed, the exhibits fail for the same reason as EPISD's proposed witnesses. Namely, neither the exhibits nor the witnesses present competent evidence to supplement the administrative record. To the contrary, both represent rebuttal evidence to Richard R. and Berry's request for attorney fees. Such evidence has a defined point of entry in the pleading time line of the Western District of Texas, which this Court will not deviate from. As a consequence, the Court must deny, in its entirety, the admission of EPISD's proposed exhibits.

### III. CONCLUSION

Having found no justification to allow entry of the additional witnesses or exhibits proffered by EPISD, the Court hereby **SUSTAINS** Richard R.'s "Opposition to E.P.I.S.D.'s Designation of Witnesses and Exhibits and Request to Conduct Discovery" and **DENIES,** *in toto,* EPISD's "Designation of Witnesses and Exhibits and Request to Conduct Discovery." Doc. No. 32.

**SO ORDERED.**